# ST. JOHN

ST. JOHN LLC

JOSEPH SCOTT ST. JOHN
1701 JEFFERSON AVENUE
NEW ORLEANS, LOUISIANA 70115

(410) 212-3475

September 3, 2025

*Via ECF*

Mr. Lyle W. Cayce
U.S. Court of Appeals
 for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-340

Re: **State of Mississippi v. Dept. of Energy, No. 24-60529
Rule 28(j) Notice: *Riley v. Bondi*, 145 S. Ct. 2190 (2025)**

Mr. Cayce:

Pursuant to Federal Rule of Appellate Procedure 28(j), Petitioner State of Montana respectfully directs the panel to *Riley v. Bondi*, 145 S. Ct. 2190 (June 26, 2025), as relevant to respondent's jurisdictional arguments, *see* Mot. to Dismiss; Resp. Br. 11-12., and petitioners' incurable prematurity arguments, Opp. to Mot. to Dismiss; Reply 2-5.

In *Riley*, the Supreme Court first held that a pending request for Convention Against Torture relief did not render a final order of removal non-final, such that a petition for review of that order was still subject to the 30-day deadline in 28 U.S.C. §1252(b). 145 S. Ct. at 2199. That's because under established precedent, CAT "[w]ithholding-only proceedings … do not affect a removal order's validity, and an alien's initiation of such proceedings does not render non-final an otherwise administratively final order of removal." *Id.* But the Court then held the 30-day deadline was non-jurisdictional. *Id.* at 2203.

The Court explained that "[b]ecause jurisdictional rules have a unique capacity to disrupt the orderly adjudication of disputes, we are reluctant to label a rule 'jurisdictional' unless Congress has clearly signaled that the rule is meant to have that status," and "the signal is exceedingly strong." *Id.* at 2201-2202. Indeed, the Court noted that since 2006, only a single Supreme Court opinion had found a requirement to be jurisdictional, and that case was based on a century of provision-specific precedent the Court was reluctant to overturn. *Id.* at 2202-2203. That the timing provision at issue in *Riley* "tells *aliens* what they must do if they want judicial review, but … provides no directives to *courts*" confirmed it was non-jurisdictional. *Id.* at 2202.

Applied here, 42 U.S.C. §6306(b)(1), like the provision in *Riley*, is directed to litigants, not courts, and there is a strong presumption its timing provision is not jurisdictional. Unlike the outcome of CAT relief in *Riley*, however, the outcome of the DFR withdrawal decision does affect the DFR's validity, such that it renders the DFR non-final.

Respectfully submitted,

*/s/ Joseph Scott St. John*

Joseph Scott St. John
Counsel for State of Montana

Word Count: 328